UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

MBI SERVICES, LLC,

    Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.,*

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff MBI Services, LLC's ("Plaintiff") Complaint, ECF No. [1]. The Court has reviewed the Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

On March 12, 2021, Plaintiff initiated this action against Defendants Apex Distribution LLC ("Apex"), Hector Alvarez ("Alvarez"), Imitari Corporation ("Imitari"), Terry Barnes

("Barnes"), Gregory A. Jones ("Jones"), David K. Tillman ("Mr. Tillman"), Tillman & Tillman PLLC ("Tillman Law Firm"), Jan Laurence Sadick ("Mr. Sadick"), and J.L. Sadick P.C. ("Sadick Law Firm"). *See generally* ECF No. [1]. The Complaint alleges that this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332. *Id.* ¶ 2. However, complete diversity between Plaintiff and Defendants Apex, Imitari, Tillman Law Firm, and Sadick Law Firm ("Entity Defendants"), is not apparent on the face of the Complaint. The Complaint states, in relevant part:

> 5. Plaintiff is a limited liability company duly authorized and existing by virtue of the laws of the State of Florida.
>
> 6. Apex is a New Jersey limited liability company.
>
> 7. At all times material hereto, Alvarez was a New Jersey resident and is otherwise sui juris. Alvarez is a principal of Apex.
>
> 8. Imitari is a Michigan corporation.
>
> 9. At all times material hereto, Barnes was a Michigan resident and is otherwise sui juris. Barnes is a principal of Imitari.
>
> 10. At all times material hereto, Jones was a New York resident and is otherwise sui juris. Jones is also a principal of Imitari.
>
> 11. At all times material hereto, Mr. Tillman was a New York resident and is otherwise sui juris. Mr. Tillman is an attorney licensed to practice law in Michigan and a principal of the Tillman Law Firm.
>
> 12. The Tillman Law Firm is a Michigan professional limited liability company.
>
> 13. At all times material hereto, Mr. Sadick was a Texas resident and is otherwise sui juris. Mr. Sadick is an attorney licensed to practice law in Texas and a principal of the Sadick Law Firm.
>
> 14. The Sadick Law Firm is a Texas professional services corporation.

*Id.* ¶¶ 5-14.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all

defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Here, the Complaint fails to sufficiently allege the citizenship of Plaintiff and Defendants Apex and Tilman Law Firm ("Unincorporated Defendants") because it does not identify the members of each "limited liability company [or] their respective states of citizenship." *Id.* Rather,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

the Complaint alleges only the citizenship of the Unincorporated Defendants' "principal" member. *See* ECF No. [1] ¶¶ 7, 9, 10, 11, 13. As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

The Complaint also fails to allege the citizenship of Defendants Imitari and Sadick Law Firm ("Corporate Defendants"). For purposes of alleging diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Here, while the Complaint alleges each Corporate Defendant's state of incorporation, ECF No. [1] ¶¶ 8, 14, it fails to allege its respective principal place of business.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted to file an amended complaint that properly alleges the basis for invoking diversity jurisdiction by **March 19, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record