UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No. 1:21-cv-20975-BB

MBI SERVICES, LLC

    Plaintiff,
vs.

APEX DISTRIBUTION LLC, et al.,

    Defendants.

_____

**MEMORANDUM IN SUPPORT OF DEFENDANTS
DAVID K. TILLMAN AND TILLMAN & TILLMAN PLLC'S
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

**Introduction**

Defendants Tillman & Tillman PLLC ("T&T") and David K. Tillman (together, "Tillman Defendants") are seeking dismissal with prejudice and final summary judgment in their favor on the claims alleged against them in the Amended Complaint [ECF No. 5] filed by plaintiff MBI Services, LLC ("MBI"). The claims all arise out an alleged "conspiratorial scheme" perpetrated by defendants Hector Alvarez, Terry Barnes and Gregory Jones, acting through defendant Apex Distribution LLC ("Apex"). T&T's only role in the so-called conspiracy was to act as counsel to Apex and the individual defendants. The Amended Complaint does not and cannot allege that T&T engaged in any misconduct whatsoever.

MBI entered into a Joint Venture Agreement ("JVA") with Apex whereby MBI would make a $2 million capital contribution to Apex, which would use the funds to purchase and resell medical supplies. T&T was not a party to the JVA, or to any other agreement except its retainer

agreement with Apex and the other defendants. It merely held the $2 million in its client trust account on behalf of Apex, as provided in the JVA.

The joint venture was a failure and this lawsuit ensued. MBI's litigation strategy is to assert every possible claim against anyone and everyone who was involved in the deal in any way. But even accepting the allegations that Messrs. Alvarez, Barnes, and Jones misused or misappropriated MBI's funds, the Amended Complaint does not allege that the Tillman Defendants knew or had reason to suspect any such misconduct, let alone participated in it. There is no reason for the Tillman Defendants to be a party to this proceeding. The claims against the Tillman Defendants are baseless and should be resolved by a summary judgment in its favor.

## Statement of Facts

*The Parties' Duties under the Joint Venture Agreement*

MBI and Apex executed the JVA on January 18, 2021.[1] MBI's only duty under the JVA was to deposit $2 million (the "Funds") by wire transfer into T&T's client trust account. T&T's only duty was to provide MBI with written confirmation of the deposit.[2]

> **3.1.   *MBI's Performance Obligation.***
>
> MBI shall make wire transfer of its Two Million ($2,000,000.00) Dollar capital contribution ("the seed money") into Apex's counsel's IOLTA account within one (1) business day of the full execution of this Agreement – with Apex's counsel to provide MBI with the banking information under separate cover.  Upon receipt, Apex's counsel shall provide written confirmation of receipt of the funds to MBI.

MBI made the wire transfer on January 20, 2021. The Tillman Defendants confirmed receipt of the transfer the same day.[3]

---

[1] *See* Statement of Material Facts in Support of Defendants Tillman & Tillman PLLC and David K. Tillman's Motion for Summary Judgment ("Statement of Material Facts"), ¶ 6.

[2] *See* Statement of Material Facts,  ¶ 7 and attached Exhibit D, ¶ 3.1.

[3] *See* Statement of Material Facts, ¶ 8; Amended Complaint, ¶ 25.

Apex's duties under the JVA were to use the Funds for specified purposes, and to make periodic payments to MBI in a specified amount and at specified times.

### 3.2 Apex's Performance Obligations

Apex shall use of [sic] the seed money for the following purposes:

- Payment for airplane costs for product shipment
- Payment for product inspection by SGS
- Payment of customs and associated tariffs
- Payment of product shipment insurance expenses
- Payment for Letter of Credit to facilitate manufacturer's release of product

In addition, Apex shall make periodic payment to MBI as identified in ¶ 1.2 within two (2) business days of purchaser's product inspection and approval — with payment to be made to an account as directed by MBI under separate cover. Furthermore, Apex shall make wire transfer of the investment principal amount to MBI within 10 business days of the termination of this Agreement.

The JVA does not impose any duty on the Tillman Defendants (apart from confirming receipt of the Funds). However, because the Funds were held in T&T's client trust account, T&T made disbursements from the account as directed by its client Apex, in the amount and at the time specified by Apex.[4]

### The Parties' Alleged Breach of the JVA

The Amended Complaint alleges that Messrs. Alvarez, Barnes, and Jones, sometimes acting through Apex, breached the JVA in various ways. To summarize, they allegedly misrepresented to MBI that certain purchases and shipment of medical supplies had been made, misrepresented the expected dates of arrival, and refused MBI's demands for documents related to the supposed purchases and shipment.[5] The Amended Complaint does not attribute any of this misconduct to the Tillman Defendants.

---

[4] *See* Tillman Declaration, Exhibit D, ¶ 3.2.

[5] *See* Amended Complaint, ¶¶ 27-35.

The Tillman Defendants' only involvement in these activities was to give information to MBI about disbursement of the Funds from the client trust account. The Amended Complaint does not allege that any of this information was false or incomplete.

> Plaintiff surmised that the Funds were either not properly used or outright converted. To get answers, Garcia-Menocal [MBI's principal and owner] contacted Mr. Tillman and asked to whom the Funds were delivered. Mr. Tillman stated that the funds were delivered to Mr. Sadick [an attorney apparently representing Apex]. Garcia-Menocal then contacted Mr. Sadick, who informed that he received only part of the Funds.[6]

MBI eventually declared Apex in default of the JVA. It demanded return of the Funds and an accounting of how Apex had used them. The Amended Complaint is careful to allege that MBI made these demands to "*all the defendants*", and also demanded an accounting from "all the defendants," including T&T.[7] But T&T's only role in this process was to receive the demands, convey them to its clients, and convey the clients' responses to MBI.[8] It would be unethical for T&T to do more, absent instructions from its clients. The Amended Complaint does not allege that T&T was ever instructed to return Funds in its possession to MBI, or to render an accounting to MBI, or to disclose any information to MBI about how the Funds were used.[9]

---

[6] Amended Complaint, ¶ 35.

[7] *See* Amended Complaint, ¶¶ 36-37.

[8] *See,, e.g.* Amended Complaint, ¶ 39 ("Apex, through its attorney Mr. Tillman, requested until March 3, 2021, to return the Funds. Then on March 2, 2021, Apex, again through its attorney, Mr. Tillman requested until March 8, 2021, to return the Funds").

[9] *See, e.g.*, Amended Complaint, ¶¶ 37-39.

*The Claims Against T&T*

The Amended Complaint alleges twenty causes of action.[10] The Tillman Defendants are defendants in four of them: Equitable Accounting (Count VIII), Constructive Trust (Count XVI), Declaratory Relief (Count XVII), and Injunctive Relief (Count XVIII).

## Argument

A. <u>The Law of Summary Judgment.</u>

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks and citation omitted). The standard for summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[10] Breach of Contract (Count I); Breach of Guarantee (Count II); Equitable Accounting (Count III); Fraudulent Inducement, Misrepresentation and Concealment (Count IV); Fraudulent Inducement/Misrepresentation (Count V); Negligent Misrepresentation (Counts VI and VII); Equitable Accounting (Counts VIII, IX, and X); Conversion (Count XI); Breach of Fiduciary Duty (Count XII); Unjust Enrichment, Restitution and Disgorgement (Count XIII); Civil Conspiracy to Commit Fraud and Conversion (Count XIV); Fraud/Constructive Fraud (Count XV); Constructive Trust (Count XVI); Declaratory Action (Count XVII); Injunction (Count XVIII); Deceptive and Unfair Trade Practices (Count XIX); and Civil RICO (Count XX).

5

With regard to the claims against the Tillman Defendants, there is no evidence presenting a disagreement sufficient to require submission to a jury. The claims should be resolved in favor of them by summary judgment.

B. <u>The Tillman Defendants are entitled to summary judgment on the equitable accounting claim.</u>

Count VIII asserts a claim against the Tillman Defendants for an equitable accounting of how the Funds were used.[11] "[A]n accounting is best understood as a remedy for a cause of action, not as a cause of action in its own right." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1306 (M.D. Fla. 2015) (emphasis omitted; quoting *Zaki Kulaibee Establishment v. McFliker*, 771 F. 3d 1301, 1310 & n. 21 (11th Cir. 2014)). "To be entitled to an equitable accounting, a party must show either (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship." *Id.* (internal quotation marks and citation omitted). The Amended Complaint does not allege the existence of a fiduciary relationship between MBI and the Tillman Defendants. Accordingly, they are entitled to summary judgment unless there are disputed transactions that are "sufficiently complicated," and there is no adequate remedy at law.

As for the complexity of disputed transactions, the Amended Complaint refers to a single shipment of an unknown number of boxes of medical gloves.[12] The JVA provides that MBI would be paid $0.05 per box of Gloves imported for sale to Apex's Government Clients.[13] Thus, the supposed accounting would consist of determining by ordinary means of discovery the number of

---

[11] *See* Amended Complaint, ¶¶ 120-36.

[12] *See* Amended Complaint, ¶¶ 27-35.

[13] *See* Amended Complaint, ¶ 26.

boxes imported for sale, then multiplying that number by 0.05. That simple problem of arithmetic does not require an accounting.

Even if it did, there still could be no equitable accounting because there is an adequate remedy at law. At bottom, this lawsuit is a contract dispute. MBI claims that it paid Apex $2 million and received nothing in return. A damages award of $2 million will give MBI complete redress. "The remedy of damages seeks to compensate the victim for its loss, whereas the remedy of an accounting . . . [seeks] disgorgement of ill-gotten profits." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F. 3d 1343, 1353 (11th Cir. 2019) (ellipsis and brackets in text; quoting *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 964 (2017)). "It is axiomatic that equitable relief is only available where there in no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall w/in the jurisdiction of equity." *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994). There is no mention in the Amended Complaint of profits, ill-gotten or not. The only profit MBI could realize from the shipment of gloves is $0.05 per box.

In any event, the Tillman Defendants are not a party to the JVA, and MBI's claim for relief lies against Apex, not the Tillman Defendants. Assuming, contrary to fact, that MBI is entitled to an equitable accounting, Apex must render it. Even if the Tillman Defendants possess information relevant to that accounting, the information must be obtained through discovery, not by suing them directly.

C. <u>The Tillman Defendants are entitled to summary judgment on the claim for a constructive trust.</u>

In Count XVI of the Amended Complaint, Apex asks the Court to "establish a constructive trust on the Funds in favor of the Plaintiff."[14] "To impose a constructive trust, there must be (1) a

---

[14] *See* Amended Complaint, ¶¶ 207-13.

promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship, and (4) unjust enrichment. The person seeking to impose a constructive trust must prove these elements by clear and convincing evidence." *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996).

MBI alleges that "Alvarez, Jones, and Barnes engaged in a fraudulent scheme whereby they made misrepresentations to Plaintiff for the purpose of converting and divesting Plaintiff of the Funds."[15] MBI relied on the misrepresentations, "trusting in the confidential relationship it possessed with Alvarez."[16] As a result, "Alvarez, Jones, and Barnes have been wrongfully and unjustly been enriched,"[17] and MBI "has no adequate remedy at law."[18]

MBI directs its claim for a constructive trust "against all defendants." The question here is not whether the Amended Complaint adequately states a claim, but whether it adequately states one against the Tillman Defendants. Count XVI alleges, "Mr. Tillman [and] the Tillman Law Firm . . . may be in possession of some of the Funds."[19] This is insufficient to state a claim against them because (1) the Tillman Defendants did not make a promise to MBI, (2) MBI does not and cannot claim that it has a confidential relationship with the Tillman Defendants, and (3) the Tillman Defendants disbursed the entire $2 million from his trust account pursuant to the directions of Apex.

The Amended Complaint does not allege that the Tillman Defendants promised anything to MBI on its own behalf. The only confidential relationship mentioned in the Amended Complaint

---

[15] Amended Complaint, ¶ 208.
[16] Amended Complaint, ¶ 210.
[17] Amended Complaint, ¶ 211.
[18] Amended Complaint, ¶ 213.
[19] Amended Complaint, ¶ 212.

is that between MBI and Mr. Alvarez. Assuming this is true (i.e., that a confidential relationship existed between parties who were on opposite sides of an arm's length business arrangement), it does not follow that a similar relationship existed between MBI and the Tillman Defendants. They had a duty of confidentiality to Mr. Alvarez, not MBI.

To be sure, the Amended Complaint alleges that "Mr. Tillman [and] the Tillman Law Firm . . . may be in possession of some of the Funds." Mr. Tillman flatly denies that T&T possesses any of the Funds.[20] There is no evidence to the contrary. Absent such evidence, there is no basis to impose a constructive trust on the funds of other clients in T&T's trust account.

D. <u>The Tillman Defendants are entitled to summary judgment on the claim for declaratory relief.</u>

Count XVII seeks "declaratory relief . . . pursuant to Chapter 86, Florida Statutes."[21] Chapter 86, Florida's Declaratory Judgment Act, does not apply here. "Although [state] law applies to the substantive issues in this case, the [federal] Declaratory Judgment Act governs the standards for granting a declaratory judgment." *Cypress Advisors, Inc. v. Kent McCarty Davis*, No. 17-cv-01219, 2021 WL 1751158, *2 (D. Colo. May 4, 2021). *Accord, Brugler v. Unum Group*, No. 4:15-CV-01031, 2018 WL 5734680, *1 (M.D. Pa. Nov. 2, 2018) ("the Erie Doctrine mandates the application of the Federal Declaratory Judgment act in diversity cases").

The Federal Declaratory Judgment Act authorizes a district court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party." 28 U.S.C.§ 2201. "[D]istrict courts possess discretion in determining whether to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction requisites." *Winslow v. Progressive Specialty Ins. Co.*, No. 3:18-CV-1094, *7

---

[20] *See* Statement of Material Facts, ¶¶ 11; 16, Tillman Declaration, ¶¶ 9, 13.

[21] Amended Complaint, ¶¶ 215-19.

9

(D. Colo. May 4, 2021) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). The Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287.

"[P]ursuant to this discretionary declaratory judgment authority, courts have, at the motion to dismiss stage, dismissed declaratory judgment claims when they duplicate breach of contract claims within the same action." *Brugler* at *2 n. 12. *Accord, Cypress Advisors* at *7 n. 4 (declining to enter declaratory judgment regarding issues resolved by jury in same case); *Atlantic Specialty Ins. Co. v. Midwest Crane Repair, LLC*, No. 20-CV-04013, 2020 WL 5513594, *4 (D. Kan. Sept. 14, 2020) ("Indeed, courts in this circuit have also dismissed declaratory judgment claims . . . where a plaintiff seeks declaratory relief that would resolve the same issues raised by other claims brought in the same action"). Here, MBI is seeking a declaration regarding the same issues raised in legal claims that must be resolved by the jury MBI has demanded.[22]

MBI describes the "actual controversy" it is asking the Court to resolve as follows.

Plaintiff is uncertain as to (i) the dates on which the Funds (or any portion thereof) were received by, or delivered to, any third parties, (ii) the manner (i.e. bank wire, cash, check, etc.) in which the Funds (or any portion thereof) were received by, or delivered to any third parties, (iii) the identity of any third parties who received any portion of the Funds, and (iv) the reason or purpose the Funds (or any portion thereof) were delivered to any third parties.[23]

---

[22] *See* Amended Complaint, p. 44. MBI's claims against T&T are all equitable in nature. However, "[t]he Court is bound to apply the factual findings of the jury in resolving the parties' declaratory judgments." *Cypress Advisors* at *2. "[W]hen a case involves both a jury trial and a bench trial . . . the court is bound by the jury's determination of factual issues common to both the legal and equitable claims." *Ag Servs. of Am., Inc. v. Nielsen*, 231 F. 3d 726, 730-31 (10th Cir. 2000) (brackets and ellipsis in text). *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 552–53 (1990) (reversing judgment based on trial judge's findings on equitable claims when legal claims raised same issues).

[23] Amended Complaint, ¶ 217.

These issues are all raised explicitly or by direct implication in the breach of contract claim alleged against Apex in Count I.

The controversy described by MBI is exclusively concerned with Apex's alleged failure to provide information about its use of the Funds. Count I alleges that Apex was required under the JVA to "provide information and documents related to the use of the Funds,"[24] and that Apex breached this duty "by failing . . . to provide information and documents related to the use of the Funds."[25] In order to decide whether Apex breached the JVA in this way, the jury will have to determine all the issues for which MBI is seeking a declaratory judgment.

In short, the actual controversy alleged in MBI's claim for declaratory relief falls within the scope of MBI's claim for breach of contract. MBI has demanded a jury to decide the latter claim. This Court should not act in place of, and in advance of, and possibly inconsistently with, the jury's verdict.[26]

E. <u>T&T is entitled to summary judgment on MBI's claim for injunctive relief.</u>

Count XVIII is a claim for injunctive relief.[27] Like the claim for declaratory relief in Count XVII, it asks the Court to resolve issues that must also be resolved by the jury in the breach of contract claim. The Court should decline to enter an injunction for the same reason it should decline to enter a declaratory judgment.

MBI's description of the injunctive relief it is seeking is nearly verbatim identical to its description of the actual controversy alleged in the declaratory judgment claim.

---

[24] Amended Complaint, ¶ 46.

[25] Amended Complaint, ¶ 49.

[26] The relief requested in Count XVII is a "declaration . . . that Plaintiff is solely entitled to the Funds wherever held." The jury will decide MBI's entitlement to all or part of the Funds with its verdict on Count I.

[27] *See* Amended Complaint, ¶¶ 221-29.

>Plaintiff respectfully asks this Court to enter an Order requiring the named defendants . . . to provide/disclose (i) dates on which the Funds (or any portion thereof) were received by, or delivered to, any third parties, (ii) the manner (i.e. bank wire, cash, check, etc.) in which the Funds (or any portion thereof) were received by, or delivered to any third parties, (iii) the identity of any third parties who received any portion of the Funds, (iv) the reason or purpose the Funds (or any portion thereof) were delivered to any third parties. Additionally, Plaintiff seeks an injunction requiring the named defendants (to the extent that any one of them came into possession of the Funds) to (i) disclose to Plaintiff immediately the amount currently held and (ii) cease the use of the Funds for any reason whatsoever.[28]

The issues raised by the request for injunctive relief are the same as those raised by the request for declarative relief. We explained above that the issues all fall within the scope of the claim for breach of contract against Apex, and therefore must be resolved by a jury. The injunction MBI is seeking would intrude on the jury's verdict in the same way a declaratory judgment would.

## Conclusion

For all the reasons discussed above defendants Tillman & Tillman PLLC and David K. Tillman respectfully ask the Court to enter summary judgment in their favor on Counts VIII, XVI, XVII, and XVIII of the Amended Complaint.

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:   /s/ Brian S. Dervishi
      Brian S. Dervishi
Fla. Bar No. 350303
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
305-347-4077 (Facsimile)
bdervishi@wdpalaw.com
service@wdpalaw.com

---

[28] Amended Complaint, p. 40. In effect, MBI is attempting to conduct discovery by means of an injunction.

Attorneys for Defendants Apex Distribution LLC, Hector Alvarez, Gregory A. Jones, Imitari Corp., Terry Barnes, Tillman & Tillman PLLC, and David K. Tillman, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2021, a true and correct copy of the foregoing was served by CM/ECF on the attorneys listed below.

                                                /s/ Brian S. Dervishi
                                                  Brian S. Dervishi

Eduardo A. Maura, Esq.
Luis F. Quesada Machado, Esq.
Ayala Law, P.A.
2490 Coral Way, Suite 401
Miami FL 33145
eduardo@ayalalawpa.com
lquesada@ayalalawpa.com

Jorge A. Garcia-Menocal, Esq.
Garcia-Menocal Irias & Pastori, LLP
368 Minorca Avenue
Coral Gables, Florida 33134
jgm@gmilaw.com