MBI SERVICES, LLC,

 Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.*,

 Defendants.

_____/

## ORDER ON MOTION FOR SUBSTITUTED SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff MBI Services, LLC's ("Plaintiff") Motion for Substituted Service of Process on Defendant Jan Laurence "J.L." Sadick, ECF No. [36] ("Motion"), filed on June 18, 2021.[1] The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff initiated this action on March 11, 2021. ECF No. [1] ("Complaint"). On March 15, 2021, Plaintiff filed the operative Amended Complaint to allege additional facts to invoke the Court's diversity jurisdiction. *See* ECF Nos. [4] & [5]. The Amended Complaint asserts twenty causes of action against a total of nine defendants, including Defendants Jan Laurence Sadick ("Sadick") and J.L. Sadick, P.C. ("Sadick Law Firm") (collectively, "Sadick Defendants"). ECF No. [4]. At this time, service of process has been effectuated on all Defendants, except for the

---

[1] Plaintiff initially filed a Motion for Substituted Service of Process on Defendant Jan Laurence "J.L." Sadick, ECF No. [30] ("Initial Motion"), on June 9, 2021—the last day of the service deadline. The Court denied the Initial Motion without prejudice based on Plaintiff's filing of an unexecuted affidavit. *See* ECF No. [31]. The Court must highlight that, as with the Initial Motion, Plaintiff has again failed to seek an extension of time to serve the Sadick Defendants. Nonetheless, in an effort to effectively administer this action, the Court assumes that Plaintiff is also seeking an extension of the service deadline.

Sadick Defendants. *See* ECF Nos. [17] & [29]. Plaintiff now moves for substituted service of process on the Sadick Defendants, explaining that Plaintiff's retained process server attempted to serve Defendant Sadick a total of sixteen times, but was unsuccessful. *See generally* ECF No. [36].

Rule 4 of the Federal Rule of Civil Procedure provides, in pertinent part, that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Thus, because service of process is to be made on the Sadick Defendants in Texas, the Court may look to Texas authority for service of process. *Id.*; *see also* ECF Nos. [5] ¶¶ 13-14 & [3] at 5, 9.

Pursuant to the Texas Rules of Civil Procedure, service may be effectuated by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(1)-(2). However, if either of the two methods provided in Rule 106(a) fail, a court may authorize substituted service. Specifically, Rule 106(b) states:

> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). Thus, "[u]pon receipt of an affidavit satisfying Rule 106(b), the trial court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably

calculated to provide notice." *State Farm Fire & Cas. Co. v. Costley*, 868 S.W. 2d 298, 299 (Tex. 1993).

Here, Plaintiff states that sixteen attempts were made to serve Defendant Sadick by personal delivery at his home and at his office, but those attempts were unsuccessful. ECF No. [36] at ¶¶ 8-26. In support, Plaintiff had provided two affidavits from its retained process server. ECF No. [36-1]. According to the affidavits, eleven attempts were made to serve Defendant Sadick by personal delivery at his home address, 5754 Ariel St., Houston, TX 77096 ("Ariel St. Address"), ECF No. [36-1] at 2-3, 5-6,[2] and five attempts were made to serve Defendant Sadick at his work address, 4669 Southwest Fwy., Ste 565, Houston, TX 77027 ("Southwest Fwy. Address"), *id.* at 1, 4. Thus, Plaintiff requests that he be permitted to serve Defendant Sadick by:

> (a) leaving a copy of the Summons, Amended Complaint, and the Court's Order with anyone older than sixteen at his home address: 5754 Ariel St, Houston, TX 77096; (b) mailing a copy of the Summons, Amended Complaint, and the Court's Order to Sadick's home address: 5754 Ariel St, Houston, TX 77096; (c) posting a copy of the Summons, Amended Complaint, and the Court's Order to the front door of Sadick's house at 5754 Ariel St, Houston, TX 77096; (d) emailing a copy of the Summons, Amended Complaint, and the Court's Order to Sadick's email address (jlsadick@sadicklaw.com); and/or (e) serving a copy of the Summons, Amended Complaint, and the Court's Order on Sadick's attorney, David A. Bryant, Jr.

ECF No. [36] at 9.

Upon review of the affidavits attached to Plaintiff's Motion, the Court is satisfied that the requirements of Rule 106(b) are met and finds that substituted service on the Sadick Defendants should be authorized. While Plaintiff's requested methods of substituted service are all acceptable forms, the Court slightly modifies the requested methods of service as delineated below.

---

[2] The process server's affidavit confirms that the Ariel St. Address is Sadick's "usual place of abode." *Rowsey v. Matetich*, No. 03-08-00727-CV, 2010 WL 3191775, at *6 (Tex. App. Aug. 12, 2010). Specifically, on April 2, 2021, the Sadick's wife answered the door of the Ariel St. Address and informed the process server that "her husband is not home and isn't sure when he will return." ECF No. [36-1] at 2.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [36]**, is **GRANTED**. Substituted service on the Sadick Defendants shall be made by the following methods collectively:

    a. mailing a copy of the Summons, Amended Complaint, and this Order to Defendant Sadick's home address: 5754 Ariel St., Houston, TX 77096;

    b. posting a copy of the Summons, Amended Complaint, and this Order to the front door of Defendant Sadick's home address: 5754 Ariel St., Houston, TX 77096; and

    c. emailing a copy of the Summons, Amended Complaint, and this Order to Defendant Sadick at: jlsadick@sadicklaw.com.

2. Plaintiff shall have through and including **July 12, 2021**, within which to effectuate service of process upon the Sadick Defendants.

3. **On or before July 15, 2021**, Plaintiff shall file proof of service with the Court, setting forth the dates(s) the process server employed all of the substituted service methods above. Service shall be deemed completed upon the filing of the proof of service.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record