IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MBI SERVICES, LLC,   Case No. 21-cv-20975-BLOOM/Otazo-Reyes

    Plaintiff,

v.

APEX DISTRIBUTION LLC, HECTOR ALVAREZ, GREGORY JONES, IMITARI CORPORATION, TERRY BARNES, DAVID K. TILLMAN PLLC, JAN LAURENCE SADICK, and J.L. SADICK, P.C.,

    Defendants.

_____/

### SADICK DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendants Jan Laurence Sadick, and J.L. Sadick, P.C. (collectively, the "Sadick Defendants"), by and through undersigned counsel of record, and, pursuant to Federal Rule of Civil Procedure 6(b), hereby respectfully requests a seven (7) day extension of time to serve its objections and responses to Plaintiff MBI Services, LLC's ("MBI") Requests for Production, to and through September 17, 2021.  In support thereof, the Sadick Defendants state as follows:

    1.    As the Court is well aware, the Sadick Defendants were not served in this case until July 1, 2021.  (D.E. 56.)

    2.    The Court had previously entered its Order Setting Trial and Pretrial Schedule (D.E. 16) long before the Sadick Defendants appeared.  A copy of this Order was never served on the Sadick Defendants.

3. On August 11, 2021, MBI served requests for production on the Sadick Defendants. Therefore, under the Federal Rules of Civil Procedure, the objections and responses to those Requests for Production are due on September 10, 2021.

4. After conferral with counsel for MBI, the Sadick Defendants determined that a Motion for Protective Order is necessary since the Sadick Defendants are a lawyer and a law firm that represented Defendants Terry Barnes and the Imitari Corporation. Therefore, all documents called for by the Requests for Production are presumptively privileged.

5. It is well established that a lawyer can neither assert nor waive privilege for their client. Further, as is axiomatic, "It is a 'bedrock principle that the attorney-client privilege is the client's and his alone. If the client wishes to waive it, the attorney may not assert it, either for the client's or his own benefit.'" *United States v. Noriega*, 917 F.2d 1543, 1551 (11th Cir. 1990) (quoting *United States v. Juarez*, 573 F.2d 267, 276 (5th Cir. 1978)).

6. Indeed, under Texas Rule of Professional Conduct 1.05, absent an exception, "a lawyer shall not knowingly: (1) Reveal confidential information of a client or a former client to: . . . (ii) anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's firm."

7. To this point, neither Barnes nor Imitari have authorized the disclosure of any privileged or confidential material.

8. Furthermore, to the extent that there is any privilege or confidentiality to claim, it is not up to the Sadick Defendants to claim it—it is solely up to Barnes and Imitari to claim any such privilege. *Noriega*, 917 F.2d at 1551.

9. Thus, in accordance with Federal Rule of Civil Procedure 26(c), the Sadick Defendants prepared a Motion for Protective Order.

10. However, prior to filing this motion—and after 5:00 today—undersigned counsel reviewed the Court's discovery order in an abundance of caution, at which point counsel also saw that a previous discovery motion here was stricken for failure to comply with the Honorable Judge Otazo-Reyes's discovery procedure set forth in the discovery order (D.E. 16).

11. Undersigned counsel attempted to confer with counsel for MBI and the other Defendants regarding this motion, which is necessitated to avoid noncompliance with the Court's discovery order (D.E. 16).

12. Under Federal Rule of Civil Procedure 6(b), deadlines may be extended for good cause.

13. Instead of timely filing a motion for protective order under Fed. R. Civ. P. 26(c) and violating the standing discovery order, the Sadick Defendants are seeking an extension of time to allow compliance with the procedure set forth in the standing discovery order (D.E. 16).

14. As stated above, the standing discovery order was entered before the Sadick Defendants appeared and was discovered only through undersigned counsel's due diligence prior to filing the motion for protective order.

15. This motion is being filed in good faith and not for the purposes of undue delay.

## CERTIFICATE OF CONFERRAL

Under the Southern District of Florida Local Rules, I hereby certify that I attempted to confer with opposing counsel regarding this motion. As of the time of filing, no stance was provided by either counsel for MBI or counsel for the other defendants.

Date:   September 10, 2021

By: */s/Zachary D. Ludens*
JORDAN A. SHAW, ESQ.
Fla. Bar No. 111771
ZACHARY D. LUDENS, ESQ.
Fla. Bar. No. 111620
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 SE 6th Street Suite 2900
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: JShaw@zpllp.com; Zludens@zpllp.com
Secondary Email: medmondson@zpllp.com; mlomastro@zpllp.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Court's CM/ECF system this 10th day of September, 2021, and was filed on all counsel of record via notices generated by the same.

*/s/ Zachary D. Ludens*
Zachary D. Ludens, Esq.