UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

MBI SERVICES, LLC,

    Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.*,

    Defendants.
_____/

## ORDER REJECTING STIPULATION FOR DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On September 10, 2021, Plaintiff MBI Services LLC ("Plaintiff") filed a Joint Stipulation for Dismissal of the Tillman Defendants, ECF No. [65] ("Stipulation"), which purports to dismiss Plaintiff's claims against Defendants Tillman & Tillman, PLLC and David K. Tillman ("Tillman Defendants") with prejudice pursuant to a settlement agreement.

Thereafter, Defendants Jan Laurence Sadick and J.L. Sadick, P.C. ("Sadick Defendants") filed a Notice of Noncompliance re: Joint Stipulation for Dismissal, ECF No. [66] ("Notice of Noncompliance"), advising the Court that the Stipulation does not comply with Rule 41 of the Federal Rules of Civil Procedure because they "were neither consulted regarding the stipulation nor did they sign off on it." *Id.* at 1; *see also* ECF No. [60] ("Sadick Defendants' Answer and Affirmative Defenses"). To date, Plaintiff has not withdrawn the Stipulation.

Federal Rule of Civil Procedure 41 provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Upon review of the Stipulation and the record, the Court

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

agrees that the Stipulation does not comply with Rule 41 because it is not signed by the Sadick Defendants. The Stipulation, ECF No. [65], is therefore rejected. Plaintiff and the Tillman Defendants are directed to file a stipulation compliant with Rule 41(a)(1)(A)(ii) by **September 22, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record