IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MBI SERVICES, LLC,  Case No. 21-cv-20975-BLOOM/Otazo-Reyes

 Plaintiff,

v.

APEX DISTRIBUTION LLC, HECTOR
ALVAREZ, GREGORY JONES, IMITARI
CORPORATION, TERRY BARNES,
DAVID K. TILLMAN PLLC, JAN LAURENCE
SADICK, and J.L. SADICK, P.C.,

 Defendants.
_____/

**SADICK DEFENDANTS' RESPONSE TO MOTION TO DISMISS**

 Comes now, Defendants Jan Laurence Sadick ("Sadick") and J.L. Sadick, P.C. ("Sadick, P.C.") (collectively, the "Sadick Defendants") and, pursuant to Federal Rule of Civil Procedure 41(a)(2) and the Southern District of Florida Local Rules, hereby respond to the Joint Motion for Order Dismissing the Tillman Defendants Pursuant to the Parties' Settlement Agreement (the "Motion to Dismiss") of Plaintiff MBI Services, LLC ("MBI") and Defendants Tillman & Tillman PLLC ("Tillman & Tillman") and David K. Tillman ("David") (Tillman & Tillman along with David, collectively, the "Tillman Defendants"). The fact is that the Sadick Defendants cannot suggest "terms that the court considers proper" in accordance with Federal Rule of Civil Procedure 41(a)(2) in light of the fact that the Sadick Defendants have been requesting—and have been denied—a copy of the settlement agreement between MBI and the Tillman Defendants. Nor have MBI and the Tillman Defendants proposed any terms that are proper.

 1. As the Court is well aware, the Sadick Defendants were not served in this case until months after the case was already ongoing between MBI and the other Defendants.

2. When the Sadick Defendants first appeared, counsel for the Sadick Defendants attended a hearing in front of the Honorable Magistrate Judge Alicia M. Otazo-Reyes on Tillman Defendants' Motion to Dismiss and/or Motion for Summary Judgment (D.E. 61).

3. At that hearing, counsel for MBI took the position that the Tillman Defendants had taken money out of funds that were placed in escrow with the Tillman Defendants and that MBI would be amending the complaint to include a civil theft claim against the Tillman Defendants.

4. In the operative complaint (D.E. 5), the claims against the Sadick Defendants and the Tillman Defendants are the same: a) equitable accounting (Count VIII – Tillman Defendants; Count IX – Sadick Defendants); b) constructive trust (Count XVI); c) declaratory action (Count XVII); and d) injunction (Count XVIII). Although there are claims for damages against other defendants, there are no such claims against either the Tillman Defendants or the Sadick Defendants.

5. The next thing that counsel for the Sadick Defendants knew, the Tillman Defendants were purporting to stipulate to their own dismissal with MBI in blatant violation of Federal Rule of Civil Procedure 41(a)(1)(A)(2)—a position with which this Court agreed. (D.E. 69.)

6. Since the purported stipulation was filed, the Sadick Defendants have been requesting a copy of the settlement agreement between MBI and the Tillman Defendants to determine if they could consent to the dismissal. To this point, no copy of the settlement agreement has been provided.

7. Indeed, just yesterday, a hearing was held in front of Magistrate Judge Otazo-Reyes on discovery sought from the Sadick Defendants, in which counsel for MBI hinted that he intends to try to get the same basis to allege a cause of action for civil theft against the Sadick Defendants as he was attempting to do against the Tillman Defendants. He also stated that the Sadick

Defendants are somehow co-conspirators—though these are not the claims asserted against the Sadick Defendants.

8. In addition to requesting a copy of the settlement agreement, the Sadick Defendants have requested that the Tillman Defendants consent to continued jurisdiction of this Court to the extent necessary for non-party discovery,[1] in accordance with Federal Rule of Civil Procedure 45(f), to avoid the unnecessary expense of potentially having to litigate discovery issues with the Tillman Defendants in federal court in Michigan when they are now a party to this action. To this, the Sadick Defendants were told that this Motion would be filed.

9. The Sadick Defendants do not oppose the Motion to Dismiss. The Sadick Defendants, in conferral via below undersigned counsel, always indicated that there was no *per se* opposition to the Motion to Dismiss—only attempts to formulate "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). No such terms have ever been offered or advanced by MBI or the Tillman Defendants.

10. However, the Sadick Defendants cannot formulate such terms on their own without the settlement agreement—and, with the Tillman Defendants refusing to agree to allow discovery to remain with this main action, the Sadick Defendants may have to retain Michigan counsel to obtain the settlement agreement as a result. This, the Sadick Defendants do not consider "proper" under the circumstances.

11. This is buttressed by the fact that MBI and the Tillman Defendants seek the benefit of this Court retaining jurisdiction to enforce the terms of their agreement—though the Tillman Defendants will not consent to the jurisdiction of this Court for any Rule 45 discovery needs that

---

[1] This may be a moot point, as the Sadick Defendants have asserted a lack of personal jurisdiction defense in their answer (D.E. 60 at 64), and the Sadick Defendants intend to move to dismiss on this basis, as they have no connection to Florida. This response is filed on an expedited basis by order of the Court, making it come before the motion to dismiss on the basis of a lack of personal jurisdiction. (D.E. 76.)

[2169070/1]   3

the Sadick Defendants may have if the Court does not dismiss the Sadick Defendants on the basis of the lack of personal jurisdiction over them.

12. Moreover, MBI and the Tillman Defendants inform this Court that the "Sadick Defendants refuse to sign the Stipulation without the Tillman Defendants agreeing to personal jurisdiction over them in the Southern District of Texas along with other conditions that are completely extraneous to this action and the Settlement Agreement between MBI and Mr. Tillman." (Motion ¶ 3.)

13. Counsel for the Sadick Defendants stated point blank that "We do not oppose dismissal *per se*; we oppose dismissal without 'terms that are proper.'" Indeed, undersigned counsel stated that "at a minimum" there needed to be production of the settlement agreement and an understanding on any Rule 45 discovery. Instead, the instant Motion to Dismiss was filed.

14. The Sadick Defendants defer to this Court as to what is "proper" under the circumstances. However, MBI and the Tillman Defendants have failed to even brief the fact that this Court must consider what is proper here and/or make any suggestion of what is proper. Accordingly, the Sadick Defendants respectfully suggest that an Order under Federal Rule of Civil Procedure 45(f) finding "exceptional circumstances" maintaining jurisdiction in this Court for any discovery sought from the Tillman Defendants is "proper" under the circumstances.

15. Otherwise, the Sadick Defendants have never opposed the motion. The Sadick Defendants are simply requiring adherence with Federal Rule of Civil Procedure 41, which MBI already tried to short-circuit once in presenting—and refusing to withdraw—the non-complaint "stipulation." MBI has now doubled down and seeks dismissal without even advancing that the terms that they are proposing are "proper," as required by Federal Rule of Civil Procedure 41(a)(2).

Date:   September 30, 2021

Respectfully Submitted,

By: */s/Zachary D. Ludens*
JORDAN A. SHAW, ESQ.
Fla. Bar No. 111771
ZACHARY D. LUDENS, ESQ.
Fla. Bar. No. 111620
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 SE 6th Street Suite 2900
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: Zludens@zpllp.com
Secondary Email: medmondson@zpllp.com;
mlomastro@zpllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Court's CM/ECF system this 27th day of September, 2021, and was filed on all counsel of record via notices generated by the same.

*/s/ Zachary D. Ludens*
Zachary D. Ludens, Esq.