UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20975-BLOOM/Otazo-Reyes**

MBI SERVICES, LLC,

    Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.*,

    Defendants.

_____/

## ORDER OF DISMISSAL WITH PREJUDICE
## AS TO THE TILLMAN DEFENDANTS ONLY

**THIS CAUSE** is before the Court upon the Joint Motion for Order Dismissing the Tillman Defendants Pursuant to the Parties' Settlement Agreement, ECF No. [74] ("Motion"), filed on September 22, 2021 by Plaintiff MBI Services LLC ("Plaintiff") and Defendants Tillman & Tillman, PLLC and David K. Tillman ("Tillman Defendants"). Defendants Jan Laurence Sadick and J.L. Sadick, P.C. (collectively, the "Sadick Defendants") filed a Response to the Motion, ECF No. [80] ("Response"), to which the Tillman Defendants filed a Reply, ECF No. [82] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On September 10, 2021, Plaintiff and the Tillman Defendants filed a Joint Stipulation for Dismissal of the Tillman Defendants, ECF No. [65] ("Stipulation"), seeking to dismiss Plaintiff's claims against the Tillman Defendants with prejudice pursuant to a settlement agreement. *See generally id.* Thereafter, the Sadick Defendants filed a Notice of Noncompliance re: Joint Stipulation for Dismissal, ECF No. [66] ("Notice of Noncompliance"), advising the Court that the stipulation does not comply with Rule 41 of the Federal Rules of Civil Procedure because they

"were neither consulted regarding the stipulation nor did they sign off on it." *Id.* at 1; *see also* ECF No. [60] ("Sadick Defendants' Answer and Affirmative Defenses"). The Court agreed that the Stipulation did not comply with Rule 41, rejected the Stipulation, and instructed Plaintiff and the Tillman Defendants to file a stipulation compliant with Rule 41(a)(1)(A)(ii) by September 22, 2021. ECF No. [69].

Plaintiff and the Tillman Defendants now move for an order dismissing the Tillman Defendants from this action, explaining that "the Sadick Defendants refuse to sign the Stipulation without the Tillman Defendants agreeing to personal jurisdiction over them in the Southern District of Texas along with other conditions that are completely extraneous to this action and the Settlement Agreement between [Plaintiff] and Mr. Tillman." ECF No. [74] at 2. In response, the Sadick Defendants explain "that there was no *per se* opposition to the Motion to Dismiss—only attempts to formulate 'terms that the court considers proper.'" ECF No. [80] at 3 (citing Fed. R. Civ. P. 41(a)(2)). According to the Sadick Defendants, "'at minimum' there needed to be production of the settlement agreement and an understanding on any Rule 45 discovery." *Id.* at 4; *see also id.* (suggesting that "maintaining jurisdiction in this Court for any discovery sought from the Tillman Defendants is 'proper' under the circumstances."). The Tillman Defendants, however, represent that "all of the terms of the settlement between Plaintiff and [the Tillman Defendants] were fully disclosed to [the Sadick Defendants] by undersigned counsel prior to the filing of [the] [M]otion." ECF No. [82] at 2.

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Alternatively, under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." Fed. R. Civ. P. 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants*, 781 F.2d at 857) (alteration adopted) (emphasis in original).

In the present case, dismissal of the Tillman Defendants requires a court order because the Sadick Defendants have not agreed to sign the Stipulation, and otherwise "oppose dismissal without 'terms that are proper.'" ECF No. [80] at 4. However, notwithstanding their objection, the Sadick Defendants have failed to identify any "clear legal prejudice" that would result if the Tillman Defendants are dismissed from this action. *See Pontenberg* 252 F.3d at 1255-56 ("The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). Nor does the Court find any basis to deny dismissal of the Tillman Defendants from this action. To the extent the Sadick Defendants contend that the settlement agreement is relevant to any claims or defenses in this action, they may seek discovery of the settlement agreement through available methods.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [74]**, is **GRANTED**.
2. Count VIII of the Complaint against the Tillman Defendants and Counts XVI, XVII, and XVIII, which are against all Defendants in this action, are dismissed with prejudice as to the Tillman Defendants only.
3. The Tillman Defendants are **DISMISSED** with prejudice, including all claims,

defenses, and counterclaims asserted or which could have been asserted herein, with each party to bear its own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement entered into by the parties on September 1, 2021 ("Settlement Agreement").

4. The Court shall retain jurisdiction for the sole purpose of enforcing the terms and conditions of the Settlement Agreement.

5. The Court's Order, **ECF No. [52]**, referring the Tillman Defendants' Motion to Dismiss and for Summary Judgment, ECF No. [29], to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendations, is **WITHDRAWN**.

6. The Tillman Defendants' Motion to Dismiss and for Summary Judgment, **ECF No. [29]**, is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record