# EXHIBIT D

## Zachary D. Ludens

| | |
|---|---|
| **From:** | Zachary D. Ludens |
| **Sent:** | Friday, September 24, 2021 11:22 AM |
| **To:** | 'Eduardo A. Maura' |
| **Cc:** | Luis Quesada; bdervishi@wdpalaw.com; Service of Court Documents; Cooper Eisinger; Fernando Olano; Jordan Shaw; Kim Slaven; Maria Edmondson; ZP Service; jorge; Margaux Lomastro |
| **Subject:** | RE: MBI Services, LLC v. Apex Distribution LLC et al. (Case No. 1:12-cv-20975-BB); Notice of Intent to Serve Subpoena |

Mr. Maura:

As discussed, our issues are with the following:
- Request No. 2 (the bank cannot distinguish the funds once they came in)
- Request No. 17 (this is not an isolated trust account from other clients)
- Requests No. 9-12 (again, any privilege is not ours to assert or waive with respect to Barnes and Imitari, so we defer to Mr. Dervishi on how we are supposed to handle these).

Additionally, I want to make sure that you have complied with Fla. Stat. 655.059(1)(e), which requires "Before the production of the books and records of a financial institution, the party seeking production must reimburse the financial institution for the reasonable costs and fees incurred in compliance with the production."  This is my clients' trust account, and subject to their account agreement with Wells Fargo, Wells Fargo may seek to impose charges on the account chargeable to my clients.  Fla. Stat. 655.069(1)(e) is in place to protect account holders from this being passed on to them.  I would direct you to *Silverman v. Falcone*, 2015 WL 5836775, where Judge Otazo-Reyes awarded my banking client $23,061.19 for complying with a subpoena.  As I said, there I represented the bank, who did not want to have to pass this cost on to its customers, and I distinctly remember the hearings in front of Judge Otazo-Reyes and that she was acutely aware of the statute.

With respect to Nos. 2 and 17, my suggestion is that the response from Wells Fargo comes to us for us to review with our client and make any necessary redactions that pertain to clients not subject to this suit.  If you want to have us submit that to Judge Otazo-Reyes in camera and let her confirm the redactions, we are okay with that.  But, again, under Texas law, the privilege is neither ours to assert nor waive.  Here is some support for our position that you are not entitled to information that touches on other clients besides those at issue in this case:

> In *NLRB v. Harvey,* 349 F.2d 900 (4th Cir.1965), we recognized that, under special circumstances, the attorney-client privilege may extend to the client's identity. In *Harvey,* an attorney, apparently in furtherance of his representation of a client, hired a detective. *See* 349 F.2d at 901–02. The district court ordered the detective to name the attorney who hired him. *See id.* at 901. Once named, however, the attorney refused to identify his client, and the district court quashed the subpoena requiring identification. *See id.* at 901–02. On appeal, we recognized an exception to the general rule that a client's identity is not privileged:
> To the general rule is an exception, firmly bedded as the rule itself. The privilege may be recognized when so much of the actual communication has already been disclosed that identification of the client amounts to disclosure of a confidential communication.
> *Id.* at 905. It appeared that the client's identity was sufficiently intertwined with the client's confidences such that compelled disclosure of the former essentially disclosed the latter. *See id.* at 905. If so, we concluded that the district court should not compel the attorney to reveal the identity of his client. *See id.* at 907. Accordingly, we remanded for the district court to

1

determine whether the act of hiring the investigator was sufficiently connected to the rendering of legal services as to cloak it with the privilege. *See id.*

In re Grand Jury Subpoena, 204 F.3d 516, 520 (4th Cir. 2000)

*In re Grand Jury Proceedings*, 680 F.2d 1026, 1027–28 (5th Cir. 1982) (en banc) (recognizing that identity of clients can be privileged in certain circumstances)

It is well established that, absent special circumstances, the identity of a client and information about attorney's fees are not protected by the attorney-client privilege, **assuming the demonstration of a legitimate need for the court to require disclosure**.

§ 33:276. Client identity and fee information as affected by attorney-client privilege, 12 Fed. Proc., L. Ed. § 33:276

As to Nos. 9-12, we will follow the direction of Barnes and Imitari.  Since they are represented in this action by Mr. Dervishi, if he wants to raise an objection and claim privilege over something, we will abide by whatever he does.  But, it is not our prerogative to assert or waive privilege—it is not our privilege, after all.

As to the search and compliance fees, we are going to insist on strict compliance with Fla. Stat. 655.059(1)(e), as Wells Fargo has locations in Florida and you are more than likely serving Wells Fargo in Florida under a subpoena from this Court.  To the extent that any fees get passed on to my clients under their account agreements with Wells Fargo, we will seek reimbursement from your clients, as it was your subpoena, and as my client has ethical duties with respect to how to maintain his trust account.

If you want to add this on to the hearing on Wednesday, please let us know by close of business today so that we can make sure that Judge Otazo-Reyes has adequate time to prepare in advance of the hearing.

Regards,
Zach



**ZACHARY D. LUDENS, ESQ.**  |  *Senior Associate*
110 Southeast 6th Street. Suite 2900. Ft. Lauderdale, FL 33301
zludens@zpllp.com | zpllp.com |
D: 954-595-6075 | C: 305-916-0764 | F: 954-989-7781
Profile | LinkedIn | Facebook | Twitter

**CONFIDENTIAL NOTICE:**  The information contained in this electronic mail transmission is intended by Zebersky Payne Shaw Lewenz, LLP for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential.  It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to deliver it to the named addressee).  *Disseminating, distributing or copying of this communication is strictly prohibited.*  If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Zebersky Payne Shaw Lewenz, LLP at 1-800-634-1808, so that our address record can be corrected.

Pursuant to federal regulations imposed on practitioners who render tax advice ("Circular 230"), we are required to advise you that any tax advice contained herein is not intended or written to be used for the purpose of avoiding tax penalties that may be imposed by the Internal Revenue Service.  If this advice is or is intended to be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, the regulations under Circular 230 require that we advise you as follows: (1) this writing is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on a taxpayer; (2) the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed by the written advice; and (3) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**From:** Eduardo A. Maura <eduardo@ayalalawpa.com>
**Sent:** Thursday, September 23, 2021 9:41 AM
**To:** Zachary D. Ludens <zludens@zpllp.com>
**Cc:** Luis Quesada <lquesada@ayalalawpa.com>; bdervishi@wdpalaw.com; Service of Court Documents <service@wdpalaw.com>; Cooper Eisinger <ceisinger@ayalalawpa.com>; Fernando Olano <folano@ayalalawpa.com>; Jordan Shaw <JShaw@zpllp.com>; Kim Slaven <kslaven@zpllp.com>; Maria Edmondson <MEdmondson@zpllp.com>; ZP

Service <Service@zpllp.com>; jorge <jgm@gmilaw.com>; Margaux Lomastro <MLomastro@zpllp.com>
**Subject:** Re: MBI Services, LLC v. Apex Distribution LLC et al. (Case No. 1:12-cv-20975-BB); Notice of Intent to Serve Subpoena

GM: Yes it shouldn't be a problem. We don't care much about other funds. I can speak Friday at 10am. Let me know if it works for you.

Sincerely,

Eduardo A. Maura.
*Attorney*
**Ayala Law P.A.**
2490 Coral Way, 401
Miami, FL 33145
305-570-2208 Main Line
833-33-AYALA Toll Free
Visit our website: www.lawayala.com

**\*\*\*ATTENTION - OUR ADDRESS RECENTLY CHANGED\*\*\***

CONFIDENTIALITY NOTICE: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. Although we have taken steps to ensure that this email and its attachments, if any, are free from any virus, we advise that the recipient should ensure they are actually virus free.

All parties relying on the information contained in this email or attachments hereto acknowledge and agree that in the event of any errors or omissions in connection with the preparation of the same including, without limitation, any mathematical or clerical errors, at the request of any party, the appropriate adjustment shall be made and such additional sums, if any shall be due immediately from any other parties relying on the information contained herein.

PLEASE BE NOTIFIED THAT OUR NORMAL LETTERS AND E-MAILS TO YOU ARE NOT INTENDED TO MEET THE "COVERED OPINION" TEST.  ADDITIONALLY, THIS EMAIL SHALL NOT CONSTITUTE A LEGAL OPINION AND MAY NOT BE RELIED UPON FOR SUCH PURPOSE.

Also, be aware that \*Wire Fraud is Real\*.  Before wiring any money, call the intended recipient at a number you know is valid to confirm the instructions. Additionally, please note that the sender does not have authority to bind a party to a real estate contract via written or verbal communication.

On Wed, Sep 22, 2021 at 6:48 PM Zachary D. Ludens <zludens@zpllp.com> wrote:

> Protective order and general limit, like #17. Other funds went into the account, which are not subject to this lawsuit, and you are not entitled to that information.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Eduardo A. Maura <eduardo@ayalalawpa.com>
> **Sent:** Wednesday, September 22, 2021 4:09:32 PM
> **To:** Zachary D. Ludens <zludens@zpllp.com>
> **Cc:** Luis Quesada <lquesada@ayalalawpa.com>; bdervishi@wdpalaw.com <bdervishi@wdpalaw.com>; Service of Court Documents <service@wdpalaw.com>; Cooper Eisinger <ceisinger@ayalalawpa.com>; Fernando Olano <folano@ayalalawpa.com>; Jordan Shaw <JShaw@zpllp.com>; Kim Slaven <kslaven@zpllp.com>; Maria Edmondson <MEdmondson@zpllp.com>; ZP Service <Service@zpllp.com>; jorge <jgm@gmilaw.com>; Margaux Lomastro <MLomastro@zpllp.com>
> **Subject:** Re: MBI Services, LLC v. Apex Distribution LLC et al. (Case No. 1:12-cv-20975-BB); Notice of Intent to Serve Subpoena
>
> Sure. What's the topic?
>
>
> Sincerely,
>
> Eduardo A. Maura.
> *Attorney*
> **Ayala Law P.A.**
> 2490 Coral Way, 401
> Miami, FL 33145
> 305-570-2208 Main Line
> 833-33-AYALA Toll Free
> Visit our website: www.lawayala.com
>
> 
>
> **\*\*\*ATTENTION - OUR ADDRESS RECENTLY CHANGED\*\*\***
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. Although we have taken steps to ensure that this email and its attachments, if any, are free from any virus, we advise that the recipient should ensure they are actually virus free.

All parties relying on the information contained in this email or attachments hereto acknowledge and agree that in the event of any errors or omissions in connection with the preparation of the same including, without limitation, any mathematical or clerical errors, at the request of any party, the appropriate adjustment shall be made and such additional sums, if any shall be due immediately from any other parties relying on the information contained herein.

PLEASE BE NOTIFIED THAT OUR NORMAL LETTERS AND E-MAILS TO YOU ARE NOT INTENDED TO MEET THE "COVERED OPINION" TEST.  ADDITIONALLY, THIS EMAIL SHALL NOT CONSTITUTE A LEGAL OPINION AND MAY NOT BE RELIED UPON FOR SUCH PURPOSE.

Also, be aware that *Wire Fraud is Real*.  Before wiring any money, call the intended recipient at a number you know is valid to confirm the instructions. Additionally, please note that the sender does not have authority to bind a party to a real estate contract via written or verbal communication.

On Wed, Sep 22, 2021 at 4:16 PM Zachary D. Ludens <zludens@zpllp.com> wrote:

> Please provide your availability for a meet and confer on this on Friday.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Luis Quesada <lquesada@ayalalawpa.com>
> **Sent:** Wednesday, September 22, 2021 1:52:13 PM
> **To:** bdervishi@wdpalaw.com <bdervishi@wdpalaw.com>; Service of Court Documents <service@wdpalaw.com>; Eduardo A. Maura <eduardo@ayalalawpa.com>; Cooper Eisinger <ceisinger@ayalalawpa.com>; Fernando Olano <folano@ayalalawpa.com>; Jordan Shaw <JShaw@zpllp.com>; Kim Slaven <kslaven@zpllp.com>; Maria Edmondson <MEdmondson@zpllp.com>; Former Employee - Melissa Perez <mperez@zpllp.com>; ZP Service <Service@zpllp.com>; Zachary D. Ludens <zludens@zpllp.com>; jorge <jgm@gmilaw.com>; Margaux Lomastro <MLomastro@zpllp.com>
> **Subject:** MBI Services, LLC v. Apex Distribution LLC et al. (Case No. 1:12-cv-20975-BB); Notice of Intent to Serve Subpoena
>
> Good afternoon counsel,
>
> Pursuant to Fed. R. Civ. P. 45(a)(4), please find attached Plaintiff's Notice of Intent to Serve Subpoena and a copy of the subpoena directed to non-party Wells Fargo Bank, N.A.
>
> Sincerely,
>
> Luis F. Quesada Machado
> *Attorney*
> **Ayala Law P.A.**
> 2490 Coral Way, Ste 401
> Miami, FL 33145
> 305-570-2208 Main Line
> 833-33-AYALA Toll Free
> Visit our website: www.lawayala.com



**\*\*\*ATTENTION - OUR ADDRESS RECENTLY CHANGED\*\*\***

CONFIDENTIALITY NOTICE: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. Although we have taken steps to ensure that this email and its attachments, if any, are free from any virus, we advise that the recipient should ensure they are actually virus free.

All parties relying on the information contained in this email or attachments hereto acknowledge and agree that in the event of any errors or omissions in connection with the preparation of the same including, without limitation, any mathematical or clerical errors, at the request of any party, the appropriate adjustment shall be made and such additional sums, if any shall be due immediately from any other parties relying on the information contained herein.

PLEASE BE NOTIFIED THAT OUR NORMAL LETTERS AND E-MAILS TO YOU ARE NOT INTENDED TO MEET THE "COVERED OPINION" TEST.  ADDITIONALLY, THIS EMAIL SHALL NOT CONSTITUTE A LEGAL OPINION AND MAY NOT BE RELIED UPON FOR SUCH PURPOSE.

Also, be aware that \*Wire Fraud is Real\*.  Before wiring any money, call the intended recipient at a number you know is valid to confirm the instructions. Additionally, please note that the sender does not have authority to bind a party to a real estate contract via written or verbal communication.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.