UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

MBI SERVICES, LLC,

    Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO MODIFY SCHEDULING ORDER

**THIS CAUSE** is before the Court upon Plaintiff MBI Services, LLC's ("Plaintiff") Motion to Modify Scheduling Order to Extend Pre-trial Deadlines and Continue Trial, ECF No. [104] ("Motion"), filed on January 14, 2022. Defendants Apex Distribution LLC, Hector Alvarez, Gregory A. Jones, Imitari Corp., and Terry Barnes (collectively, "Apex Defendants") filed an Opposition to Plaintiff's Motion, ECF No. [105] ("Apex Response"), on January 28, 2022. That same day, Defendants Jan Laurence Sadick and J.L. Sadick, P.C. (collectively, the "Sadick Defendants") also filed a Response to Plaintiff's Motion, ECF No. [106] ("Sadick Response"). To date, Plaintiff has not filed a Reply or requested additional time in which to do so. As such, the Court considers the Motion without the benefit of a Reply. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

Plaintiff initiated this action on March 11, 2021. ECF No. [1]; *see also* ECF No. [5] ("Amended Complaint"). The Amended Complaint asserts twenty causes of action against a total of nine defendants for breach of contract (Count I); breach of guarantee (Count II); equitable

accounting (Counts III, VIII, IX, and X); fraudulent inducement, misrepresentation, and concealment (Count IV); fraudulent inducement/misrepresentation (Count V); negligent misrepresentation (Counts VI and VII); conversion (Count XI); breach of fiduciary duty (Count XII); unjust enrichment, restitution, and disgorgement (Count XIII); civil conspiracy to commit fraud and conversion (Count XIV); fraud/constructive fraud (Count XV); constructive trust (Count XVI); declaratory action (Count XVII); injunction (Count XVIII); deceptive and unfair trade practices (Count XIX); and violation of 18 U.S.C. § 1962 (Count XX).[1]

On April 26, 2021, the Court entered a Scheduling Order, ECF No. [16], setting forth, in relevant part, June 25, 2021 as the deadline for the parties to move for leave to amend the pleadings or join parties, December 28, 2021 as the deadline for the parties to complete discovery, and January 19, 2022 as the deadline to file pre-trial motions, motions *in limine*, and *Daubert* motions. *Id.* at 2. On December 23, 2021, Plaintiff filed a Motion to Extend Deadline to Complete Discovery, ECF No. [99] ("Motion to Extend Discovery"), explaining that good cause exists to extend the discovery deadline until February 25, 2022 in light of discovery disputes that arose between Plaintiff Defendants, as well as non-party Wells Fargo Bank, N.A. *See generally id.* On December 27, 2021, the Court granted in part and denied in part the Motion to Extend Discovery, ECF No. [100], extending the deadline to complete discovery until January 14, 2022.

Plaintiff now moves for leave to modify the Court's Scheduling Order to permit Plaintiff to file a second amended complaint to add nineteen additional defendants who "received misappropriated funds and were possibly part of the scheme to defraud Plaintiff[.]" ECF No. [104] at 11. Plaintiff explains that it "did not discover the identity of these new potential defendants until

---

[1] Count VIII of the Amended Complaint asserted against Defendants Tillman & Tillman, PLLC and David K. Tillman ("Tillman Defendants") and Counts XVI, XVII, and XVIII, which are against all Defendants in this action, were dismissed with prejudice as to the Tillman Defendants on October 12, 2021. *See* ECF No. [85].

January 3, 2022" despite diligently seeking "discovery from both Defendants and non-parties regarding the location of the [f]unds." *Id.* at 10. Additionally, Plaintiff explains that leave to amend to add the "nineteen defendants would mean that other pre-trial deadlines in the Scheduling Order cannot be met despite Plaintiff's diligence." *Id.* at 11. For example, Plaintiff represents that while it "plans to serve process on these new defendants expeditiously, it is clear that substantial discovery will follow." *Id.* at 11-12. As such, Plaintiff requests that the Court extend certain pre-trial deadlines and continue trial, and proposes the following schedule:

| | |
|---|---|
| **May 30, 2022** | Parties disclose experts and exchange expert witness summaries or reports. |
| **June 13, 2022** | Parties exchange rebuttal expert witness summaries or reports. |
| **June 15, 2022** | All discovery, including expert discovery, is completed. |
| **July 22, 2022** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all <u>dispositive motions</u>.** |
| **October 11, 2022** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |
| **October 18, 2022** | Calendar call |
| **October 25, 2022** | Trial |

*Id.* at 12.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citation omitted).

Here, because Plaintiff's Motion was filed seven months after the Scheduling Order's amendment deadline, Plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). This means that "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007).

The Court's Scheduling Order may be modified only "upon a showing of good cause," which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay*, 243 F.R.D. at 699 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D. N.C. 1987)). Further, "good cause is not shown if the amendment could have been timely made," even if the opposing party would not be prejudiced. *Id.*; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd sub nom. Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment.").

Evaluating the instant Motion, the Court finds that Plaintiff has failed to demonstrate good cause necessary to justify amendment at this late stage of the proceedings. Indeed, while Plaintiff represents that it propounded discovery on Defendants and non-parties between May 19, 2021 and September 22, 2021 and the instant Motion is premised upon the identity of nineteen potential defendants discovered on January 3, 2022, the record does not reflect diligence on behalf of Plaintiff to obtain the requested information or to seek Court intervention to address the discovery disputes that arose in this action. While Plaintiff represents that the delayed discovery of the nineteen potential defendants is attributed to Defendants' and non-parties' "refusal to provide responsive documents and manufacture of bogus objections[,]" ECF No. [104] at 10, this alone does not excuse Plaintiff from prosecuting its own case diligently. Nor does it afford Plaintiff the ability to assert additional parties and claims that will significantly widen the scope of this litigation, especially given that the deadlines to amend the pleadings, complete discovery, and file dispositive motions have all passed, and trial is approximately two months away. In sum, Plaintiff has failed to demonstrate good cause to modify the Scheduling Order to amend the pleadings and join additional parties.[2]

The Court also highlights that even if Plaintiff had shown good cause for its delay, Plaintiff has failed to attach a proposed amended complaint to its Motion as required by Local Rule 15.1, which alone justifies denying leave. *See* S.D. Fla. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures."). Nor does Plaintiff articulate a legal basis under which these nineteen additional defendants can be joined in this action. Indeed,

---

[2] Because Plaintiff has failed to demonstrate good cause to extend the deadline to amend the pleadings and join additional parties, the Court also rejects Plaintiff's corresponding request to extend certain pre-trial deadlines and continue trial.

Plaintiff's generalized statement that these potential defendants "received misappropriated funds and were possibly part of the scheme to defraud Plaintiff gives rise, among others, to a claim for imposition of a constructive trust against them" is wholly insufficient to demonstrate that amendment is proper under Fed. R. Civ. P. 15(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [104]**, is **DENIED** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record