UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20975-BLOOM/Otazo-Reyes**

MBI SERVICES, LLC,

    Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.*,

    Defendants.

_____/

**ORDER RESCHEDULING TRIAL
AND ORDER OF INSTRUCTIONS BEFORE CALENDAR CALL**

**THIS CAUSE** is before the Court on Hector Alvarez and Apex Distribution LLC's ("Defendants") Motion to Reschedule Trial, Permitting Limited Discovery, and Summary Judgment Practice. ECF No. [186] (the "Motion"). Plaintiff MBI Services, LLC filed a Response, ECF No. [187], and a separate Motion to Set Trial Date, ECF No. [188]. The Court has reviewed the Motion, the Response, the record as a whole, the controlling law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

Plaintiff initiated this action on March 11, 2021. ECF No. [1]. On April 26, 2021, the Court entered a Scheduling Order, ECF No. [16], setting December 28, 2021 as the deadline for the parties to complete discovery, and January 19, 2022 as the deadline to file pre-trial motions. *Id.* at 2. On December 23, 2021, Plaintiff filed a Motion to Extend Deadline to Complete Discovery, ECF No. [99], arguing that good cause existed to extend the discovery deadline until February 25, 2022, due to discovery disputes that resulted in delay. *See generally id.* On December 27, 2021, the Court granted in part and denied in part the Motion to Extend Discovery, extending the deadline

to January 14, 2022. ECF No. [100].

On January 14, 2022, Plaintiff sought leave to file a second amended complaint and extend all deadlines. ECF No. [104]. Defendants opposed, ECF No. [105], arguing that Plaintiff had not shown good cause for the Court to modify its Scheduling Order. *Id.* at 2-3. The Court agreed that good cause was lacking because Plaintiff had not been diligent, and the Court denied Plaintiff's motion. ECF No. [107] at 5.

The Court set trial for April 25, 2022. ECF No. [108]. The parties submitted all pretrial filings in preparation for trial. *See* ECF Nos. [130]-[137]. At the Calendar Call on April 19, 2022, the Court reset the trial to June 27, 2022. ECF No. [150].

On June 9, 2022, counsel for Defendants moved to withdraw from the case. ECF No. [168]. Defendants' counsel explained that "irreconcilable differences" between counsel and Defendants required withdrawal. *Id.* at 1.

The Court granted motion to withdraw and set a deadline of June 27, 2022 for the Defendants to obtain new counsel. ECF No. [169]. Upon Defendants' motions to extend, the Court extended that deadline to August 25, 2022. ECF Nos. [171], [178]. On August 26, 2022, Defendants' current counsel entered its notice of appearance. ECF No. [180].

In the instant Motion, Defendants request a trial date of March 1, 2023. ECF No. [186] at 3. They argue that the Court should reopen discovery so they can depose Plaintiff and allow an additional period for the filing of summary judgment motions. *Id.*

In Response, Plaintiff argues that Defendants have not acted with diligence, so they have not shown good cause for the Court to modify its schedule to permit an additional discovery and pretrial motion practice. *Id*. at 6-7.

**II.     DISCUSSION**

The Eleventh Circuit has instructed district courts to consider four factors when considering a motion to continue trial:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*Romero v. Drummond Co., Inc*, 552 F.3d 1303, 1320 (11th Cir. 2008) (quotation marks omitted). An additional relevant favor is "whether the district court has granted a prior continuance in the case." *Sec. & Exch. Com. v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017). "The denial of a continuance is within the broad discretion of the district court[.]" *Hashwani v. Barber*, 822 F.2d 1038, 1040 (11th Cir. 1987).

As to the first factor, Defendants argue that their new counsel "has been diligent" in obtaining the record from prior counsel and exploring the bases for Plaintiff's claims. ECF No. [186] at 4. However, the Court agrees with Plaintiff that the diligence factor does not turn on only whether Defendants' *new counsel* has been diligent. See ECF No. [187] at 7 (citing *Kolmat do Brasil, Ltd. v. Evergreen United Invs., LLC*, No. 14-cv-81320, 2017 WL 11680171, at *2 (S.D. Fla. Mar. 20, 2017 (concluding that parties "are not entitled to re-litigate the case each time new counsel appears"); *Vantage View, Inc. v. QBE Ins. Corp.*, No. 07-cv-61038, 2008 WL 4097700, at *1 n.1 (S.D. Fla. Sep. 3, 2008) ("Retention of new counsel does not justify lack of diligence with respect to court ordered deadlines.")). Rather, the relevant issue is whether *Defendants* were diligent during the discovery and motions periods. They have not. Defendants had more than eight months to conduct discovery and ample time to file pretrial motions. *See* ECF No. [168]. In sum, Defendants' current counsel's diligence does not excuse their clients lack thereof.

The second *Romero* factor is somewhat in Defendants' favor, 552 F.3d at 1320, since granting their Motion would allow them to conduct the requested discovery and file pretrial motions. On the other hand, as Plaintiff points out, Defendants' argument that a second round of pretrial motions will narrow the issues is "pure speculation." ECF No. [187] at 6. In short, it is unclear whether extending the deadlines will facilitate this case's resolution.

The third *Romero* factor is in Plaintiff's favor. 552 F.3d at 1320. As noted above, this case was filed on March 11, 2021. ECF No. [1]. Both Plaintiff and the Court have been inconvenienced by this case's slow progression. Granting Defendants' Motion would entail a regression to periods of this case that have already passed.

As to the fourth *Romero* factor, whether denying the Motion to Continue will harm the requesting party, 552 F.3d at 1320, Defendants argue that they are only now represented by "counsel that is not detrimentally affected by a conflict of interest in representing other co-Defendants." ECF No. [186] at 5. However, assuming a conflict of interest was the cause of prior counsel's withdrawal, that conflict apparently did not arise until June 6, 2022, ECF No. [166] at 1, long after the discovery and motions deadlines had passed. As such, the alleged conflict of interest does not explain prior counsel's failure to do what current counsel believes should have been done. Moreover, as noted above regarding the second *Romero* factor, it is unclear whether additional periods of discovery and motions practice will in fact assist Defendants.

In sum, the Court concludes that the *Romero* factors do not favor a continuance. When Defendants' prior counsel withdrew on June 9, 2022, this case was ready for trial. Considering Defendants' lack of diligence and the multiple continuances that have already been granted in this case, *see Levin*, 849 F.3d at 1005 (considering prior continuances to be a relevant factor), the Court does not find good cause to regress this case to the discovery stage.

### III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [186]**, is **DENIED**. However, the parties shall conduct the depositions scheduled for September 29 and September 30. *See* ECF No. [189-1].

2. Plaintiff's Motion to Set Trial Date, **ECF No. [188]**, is **GRANTED**. The parties shall abide by the schedule below.

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **December 5, 2022 at 9:00 a.m**. **at the United States Courthouse, 400 North Miami, Avenue, Courtroom 10-2, Miami, Florida**. The parties shall appear before the Court for **calendar call at 1:45 p.m. on Tuesday, November 29, 2022**. In order to allow the parties to properly prepare for trial and ensure an efficient trial schedule, it is **ORDERED AND ADJUDGED** as follows:

**By November 14, 2022, the parties shall prepare and file the following:**

(1)    Deposition Filings and Designations

All depositions and advise of the deposition portions to be used at trial by designating the page and line of each deposition. Any objections or counter-designations and copies of all depositions to be used shall be filed by **November 18, 2022**.

**By November 21, 2022, the parties shall prepare and file the following materials:**

(2)    Neutral Statement of Case and List of Witnesses for Venire Panel

(A) A *joint* concise, neutral statement of the case that can be read to the venire panel prior to voir dire to apprise the panel of the subject matter involved in the case. The joint concise statement shall address the positions of each party to this litigation in a succinct and neutral manner.

(B) A joint list of all witnesses that will be called at trial. This list shall provide the full name of the witness and succinct identifying information, such as area of residence or employment affiliation, to help the prospective jurors determine whether they recognize a potential witness.

(3) Voir Dire Questions

Any proposed voir dire questions that the parties would like the Court to ask the venire panel.

(4) Exhibit Notebooks

If the parties do not plan to use the ELMO or a laptop to publish exhibits, they shall prepare Exhibit Notebooks. The Exhibit Notebooks shall contain three divisions. The first division shall contain the parties' joint exhibits which both parties intend to use at trial; the second division shall contain Plaintiff's exhibits; and the third division shall contain Defendants' exhibits. Each division shall be clearly and adequately designated (tabbed) and each exhibit appropriately labeled. Any composite exhibits shall include page numbers for each page of the exhibit for ease of reference.

At the time of jury selection, the parties shall be required to provide at least fourteen (14) copies of the Exhibit Notebook: one for each of the eight jurors, one for the Court, one for the witness stand, one for the Court Reporter, one for the Law Clerk, and one for each of the parties. At the opening of trial, the jurors' Exhibit Notebooks shall contain all exhibits from the three divisions described above to which there are no objections. As to the remaining exhibits to which there are objections, Counsel shall have sufficient tabbed, hole-punched copies of each exhibit to give to the jurors for addition to their Notebooks in the event the exhibit is admitted into evidence. The Notebooks for the Court, witness stand, court reporter and parties should include all exhibits, even those to which there may be objections and an exhibit index for each of the three sections.

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

(5) <u>Jury Instructions and Verdict Form</u>

Proposed jury instructions and verdict form in Word format to chambers via e-mail, [bloom@flsd.uscourts.gov](mailto:bloom@flsd.uscourts.gov). The parties shall submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Additionally, the parties are instructed to include a notetaking instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.

(6) <u>Witness Lists and Exhibit Lists</u>

(A) Witness Lists: Revised Witness Lists that include the estimated time for direct and cross-examination of each of the witnesses, taking into account the time necessary for translation. This list shall include each anticipated impeachment witness.

(B) Exhibit Lists: Revised exhibit lists. Prior to filing the lists, the parties shall meet and confer to resolve as many issues as possible regarding the other's exhibits. Any remaining objections shall be reflected on the exhibit list identifying the legal basis for the objection. The parties are instructed to have each exhibit objected to with them at calendar call for review and ruling.

(7) <u>Stipulated Facts</u>

The parties shall discuss all items not in dispute and file a list of stipulated facts.

(8) <u>Demonstrative and Summary Exhibits</u>

If the parties desire to use demonstrative exhibits during trial (including photos, diagrams or time-lines and the like), each such item must be disclosed to the opposing party. No

demonstrative exhibit may be displayed absent prior written agreement between the parties or, absent such agreement, prior approval by the Court.

(9)     Translators

(A) Exhibits: Exchange exhibit translations and attempt to resolve any issues regarding the translations. If the parties are unable to resolve the issues, they shall file a notice with the Court explaining the remaining issues and setting out each sides' proposed resolution to the remaining issues.

(B) At Trial: Prior to calendar call, the parties shall confer and agree on a single translator service for the trial. The parties shall split the cost of the service. The service must be federal court certified and must be able to provide a team of translators for the trial so that translators can switch every 30-40 minutes during the trial.

**At the Calendar Call:**

(10)    Computers and Other Equipment

Parties desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use. The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

(11)    Opening and Closing Statements

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

The parties should be prepared to tell the Court how long they each will need for their opening and closing statements.

(12)   The Rule Against Witnesses in the Courtroom

Excepting the parties or their designated corporate representative, any witness who may testify in this case is precluded from the courtroom at any time prior to their testimony. Each party shall bring to the Court's attention the appearance of any witness in the courtroom which violates this rule.

(13)   Copies to Court Reporter

The parties shall provide to the Official Court Reporter copies of: (a) the final witness and exhibit lists; and (b) a list of all names and other proper nouns material to the disposition of the case that are likely to be raised at trial.

**No later than the Friday before trial by 3 p.m.:**

(14)   Notice of Settlement

The parties must notify the Court if the parties settle this matter before trial.

**No later than ten (10) days following the conclusion of the trial:**

(15)   Exhibits Post-Trial

The parties shall electronically file all exhibits admitted into evidence in their original or, if altered during trial, in their altered state. At the close of all of the evidence, the parties shall provide an index reflecting the admitted exhibits.

Case No. 21-cv-20975-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Gregory A. Jones**
1980 Park Avenue
Apt. 3E
New York, NY 10037
PRO SE

**Terry Barnes**
31171 Country Ridge Circle
Farmington Hills, MI 48331
PRO SE