**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-20975-CIV-BLOOM/OTAZO-REYES**

MBI SERVICES, LLC,

    Plaintiff,

v.

APEX DISTRIBUTION LLC, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff MBI Services, LLC's ("Plaintiff")

Motion to Enforce Settlement Agreement ("Motion to Enforce") [D.E. 156, filed under seal]

directed at Defendants Jan Laurence Sadick and J.L. Sadick P.C. (collectively, the "Sadick

Defendants").  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the

Honorable Beth Bloom, United States District Judge [D.E. 159].  For the reasons stated below,

the undersigned respectfully recommends that the Motion to Enforce be GRANTED.

**PROCEDURAL BACKGROUND**

On April 11, 2022, Plaintiff and the Sadick Defendants filed a Joint Notice of

Settlement [D.E. 111] wherein they advised the Court that "[u]pon full performance [of the

Settlement Agreement], the [p]arties will jointly submit a Stipulation of Dismissal with

prejudice".  See Joint Notice of Settlement [D.E. 111 at 1].  On May 3, 2022, Plaintiff filed

the instant Motion to Enforce, arguing that the "Sadick Defendants have breached the terms

of the Settlement Agreement by failing to tender payment in the amount of $130,000.00 within

the time provided by the Settlement Agreement" and seeking to enforce the terms of the

Settlement Agreement.  See Motion to Enforce [D.E. 156 at 2, filed under seal].  The undersigned held an initial hearing on the Motion to Enforce on June 8, 2022; and a continued hearing on September 19, 2022 (hereafter, "Continued Hearing").  See Paperless Minute Entries [D.E. 165, 193].

## DISCUSSION

"Settlement agreements are governed by principles of local law applicable to contracts generally."  Southernmost Marine Servs., Inc. v. One (1) 2000 Fifty Four Foot (54') Sea Ray named M/V "Potential", 250 F. Supp. 2d 1367, 1380 (S.D. Fla. 2003) (citations omitted).  "A party seeking to enforce a contract under Florida law must prove the existence of a valid contract." Merlin Petroleum Co., Inc. v. Sarabia, No. 8:16-CV-1000-T-30TBM, 2016 WL 6947385, at *3 (M.D. Fla. Nov. 28, 2016) (citing St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004)).  At the Continued Hearing, the Sadick Defendants admitted that they had executed the Settlement Agreement and that the required settlement payment in the amount of $130,000.00 has not been made.  Therefore, Plaintiff is entitled to enforce the Settlement Agreement.  Id. Additionally, the Settlement Agreement provides for prevailing party attorney's fees, as to which Plaintiff seeks to recover $1,750 [D.E. 156-2, filed under seal].  Given the undisputed existence of the Settlement Agreement, the Sadick Defendants' non-payment, and the prevailing party fees provision, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion to Enforce be GRANTED and that Final Judgment in favor of Plaintiff and against the Sadick Defendants be ENTERED in the principal amount of $130,000.00, plus $1,750.00 in attorney's fees for a total judgment amount of **$131,750.00**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable

Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 21st day of September, 2022.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:     United States District Judge Beth Bloom
        Counsel of Record

3